**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sara Brach, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br><br><br>-v.-<br>Portfolio Recovery Associates, LLC,<br><br>Defendant(s). | Civil Action No: 1:22-cv-1465<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sara Brach (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Defendant PRA" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.        Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Kings.

8.      Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C.

§ 1692(a)(6), and is registered to accept service of process through its registered agent, c/o

Corporation Service Company, 80 State Street, Albany, New York 12207.

9.      Defendant PRA uses the mail, telephone, and facsimile and regularly engages in

business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ.

P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.  all individual consumers in the State of New York;

    b.  to whom Defendant PRA sent a letter attempting to collect a consumer debt;

    c.  that provides a single date that is attributed to the "Last Payment Date *or* Default
        Date" without specification as to which date is actually being cited;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this
        action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members and sub-class members are readily ascertainable

from the records of Defendant and those companies and entities on whose behalf they attempt

to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class and sub-class are the Defendant and all officers,

members, partners, managers, directors and employees of the Defendant and their respective

immediate families, and legal counsel for all parties to this action, and all members of their

immediate families.

14.     There are questions of law and fact common to the Plaintiff Class and sub-class, which common issues predominate over any issues involving only individual class and sub-class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e, 1692f, and/or 1692g.

15.     The Plaintiff's claims are typical of the class and sub-class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class and sub-class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class and sub-class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and sub-class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e, 1692f, and/or 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class and sub-class members. The Plaintiff and all members of the Plaintiff Class and sub-class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class and sub-class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.    Some time prior to November 25, 2021,  Plaintiff allegedly incurred an obligation to the original creditor, Capital One Bank (USA) N.A. ("Capital One"). The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes.

21.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

22.    The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.    Upon information and belief, Capital One sold the allegedly defaulted debt to Defendant PRA for the purpose of debt collection. Therefore, Defendant PRA is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

24.    Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – November 25, 2021 Collection Letter*

25.    On or about November 25. 2021, the Defendant PRA sent the Plaintiff a collection letter ("Letter") regarding the subject debt. (See Letter at Exhibit A.)

26.    The Letter provides a breakdown of the alleged debt as follows:

You had an account from CAPITAL ONE BANK (USA) N.A.
with Account Number                                    ************6840

As of 09/04/2020, you owed:                            $2,692.34

Between 09/04/2020 and the date of this letter:

You were charged this amount in interest:             $0.00

You were charged this amount in fees:                 $0.00

You paid or were credited this amount toward the debt:  $0.00

Total amount of the debt now:                         $2,692.34

**Last Payment Date of Default Date**:                     02/28/2020

27.     Despite the fact that the "Last Payment Date" and the "Default Date" are two very different concepts with very different legal ramifications, Defendant PRA chose to only provide partial information to Plaintiff by only including one date without any further details or explanation.

28.     It is deceptive and misleading to provide a single date as either the "Last Payment Date *or* Default Date" without explaining which date is specifically being referenced.

29.     It is confusing and deceptive to the consumer who cannot discern the true nature and status of her debt.

30.     The consumer cannot discern the true status of the debt as there is no differentiation provided between whether the February 28, 2020 date represents the "Last Payment" or the "Default Date."

31.     Defendant's Letter is a false representation of the status of the debt.

32.     By withholding an explanation or clarification as to whether the February 25, 2020 represented the "Last Payment Date" or the "Default Date," Defendant withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

33.     Furthermore, it leaves the Plaintiff unable to calculate the statute of limitations for a lawsuit to occur, since that date would run based on the default date.

34.     Therefore, Defendant's omissions and misrepresentations case a negative shadow over its debt collection practice in general.

35.     When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

36.     This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

37.     When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

38.     Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

39.     One important element of consumer protection revolves around keeping the consumer informed.

40.     When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

41.     However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

42.     Plaintiff was therefore unable to evaluate her options of how to handle this debt.

43.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

44.     These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedure reasonably adapted to avoid such violations.

45.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

47.     Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

48.     Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

49.     Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

50.     Plaintiff was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

51.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

52.     When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

53.     As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

54.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

55.     Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to her detriment.

56.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

57.     As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61.     Defendant violated §1692e:

   a.  As the letter falsely represents the character, amount, and/or legal status of the debt in violation of §1692e(2)(A); and

   b.  As the letter makes a false and misleading representation/omission in violation of §1692e(10).

62.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

63.     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length.

64.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

66.     Defendant violated § 1692f by omitting material information from the Letter to disadvantage Plaintiff from making an educated decision regarding the subject debt.

67.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

68.    Plaintiff repeats, reiterates, and incorporates the allegations contained in the

paragraphs above herein with the same force and effect as if the same were set forth at length.

69.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70.    Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> 1.    The amount of the debt;

> 2.    The name of the creditor to whom the debt is owed;

> 3.    A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

> 4.    A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> 5.    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

71.    Defendant violated Section 1692g(a):

a.   By failing to properly describe the nature of the debt.

12

72.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sara Brach, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA CCA as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 16, 2022                         Respectfully Submitted,

**STEIN SAKS, PLLC**

 **/s/ Christofer Merritt**
Christofer Merritt, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500
Fax: 201-282-6501

13

14

cmerritt@steinsakslegal.com
*Counsel for Plaintiff*

14